UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN R. WILLIAMS, SR., AND MILDRED WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 07-7808 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION  "N"  (2) |

## ORDER AND REASONS

Presently before the Court is "Defendant's Motion for Partial Summary Judgment to Limit Damages Alleged by Plaintiffs Based Upon Prior Payments Made by State Farm Under a Separate Flood Insurance Policy" (Rec. Doc. No. 31).  **IT IS ORDERED** that, to the extent stated herein, the motion is **GRANTED**.

With respect to an offset for any payments made to Plaintiffs under their flood insurance policy, Plaintiffs' potential recovery in this action is limited to "any previously uncompensated losses that are covered by [their] homeowner's insurance and which when combined with [their] flood proceeds do not exceed the value of [their] property."  *See Ragas v. State Farm Fire and Cas. Co.*, 2008 WL 425536, *6 (E.D. La. 2/11/08) (Engelhardt, J.) (quoting *Esposito v. Allstate Ins. Co.*, Civ. Action No. 06-1837, 2007 WL 1125761, *2 (E.D. La. 4/16/07) (Zainey, J)(internal emphasis omitted)).  In other words, they cannot obtain a double recovery by now re-characterizing losses as wind damage for which they have already received flood insurance proceeds.  *Id.*  Plaintiffs do not appear to contest the validity of these limitations; rather, they

maintain that additional separable wind damages for which they have *not* received flood proceeds exist and should be compensated by Defendant.  They further contend that the total of the amounts previously received, when added to the homeowner's proceeds sought in this action, does not exceed the total value of their property.  On the showing made, the Court cannot determine, as a matter of law, that this is not true.  Hence, Plaintiffs' claims, though subject to the limitations stated herein, are not estopped merely because Plaintiffs previously received payment of the limits of their flood insurance policy.

Defendant's motion also asserts the inapplicability here of Louisiana's Valued Policy Law, La. R.S. 22:695, and seeks judicial confirmation of the applicability of its policy's flood exclusion.  In response, Plaintiffs agree that, as pled, the Valued Policy Law does not apply to their claims.  They additionally acknowledge the applicability of Defendant's flood policy's exclusion to their claims.  Thus, these particular issues are not in dispute.

Plaintiffs do contend, however, that the policy's "anti-concurrent causation" clause is ambiguous and cite *Tuepker v.  State Farm Fire & Cas., Co.*, 507 F.3d 346 (5th Cir. 2007), in support of that position.  Contrary to Plaintiffs' assertion, however, the Fifth Circuit, in *Tuepker,* determined that Defendant's "anti-concurrent causation" clause was *not* rendered ambiguous, despite the presence of the "hurricane deductible." The appellate court additionally concluded that, under Mississippi law, the "anti-concurrent causation" clause overcomes any conflicting application of the "proximate cause" doctrine.  *Tuepker*, 507 F.3d at 354-56.

Finally, relative to the parties' respective burdens of proof, Plaintiffs refer the Court to *Broussard v. State Farm Fire and Cas.*, 523 F.3d 618, 627 (5th Cir. 2008).  In *Broussard*, however, as in *Tuepker*, the Fifth Circuit addressed issues of Mississippi insurance law.  In the

absence of contrary precedent from the Fifth Circuit regarding Louisiana insurance law, the Court follows the decisions in *Hyatt v. State Farm Ins. Co.,* Civ. Action No. 06-8792, 2008 WL 544182, *2 (E.D. La. 2/25/08) (Vance, J.); *Broussard v. State Farm Ins. Co.,* Civ. Action No. 06-8084, 2007 WL 2264535, *3 (E.D. La.  8/02/07) (Vance, J.); *Wellmeyer v.  Allstate Ins. Co.*, Civ. Action No. 06-1585, 2007 WL 1235042, *3 (E.D. La. 4/26/07)(Feldman, J.), regarding a shift in the burden of proof relative to covered segregable damages.

Having reviewed the parties' submissions relative to Defendant's motion, and the record in this matter, the Court is concerned that very little productive communication between the parties, through their attorneys, has occurred in this matter.  For instance, Plaintiffs' opposition revealed that they actually do not disagree with Defendant on several of the issues addressed in its motion and lengthy supporting memorandum.[1]  Further, counsel had to be reminded, on October 10, 2008, to schedule the settlement conference that the Court, on January 30, 2008, ordered to be held no later than October 23, 2008.  *See* Rec. Docs. 36-37.  Because of this delay, and other previously scheduled matters already on Magistrate Judge Wilkinson's calendar, the settlement conference will not be held until November 12, 2008.  *See* Rec. Doc. 38.  Finally, the parties' October 22, 2008 motion to continue trial in this matter, which was denied, suggests that, at least as of that date, little discovery had been completed. *See* Rec. Doc. 38.

Circumstances such as these generally result in the undue consumption of judicial *and* party resources.  Accordingly, counsel are instructed to *promptly*, that is, *before the November 6, 2008 pre-trial conference*, confer by phone or in person to identify matters (both factual and legal)

---

[1]     Defense counsel are instructed to familiarize themselves with the page limitations established by the Court's Local Rules.  Further, a motion for leave should be filed if and when counsel believe it necessary to exceed these page limitations.

to which trial stipulations can be reached.  These stipulations are to be provided, in writing, to Magistrate Judge Wilkinson, and the undersigned, no later than Friday, November 7, 2008, at 5:00 p.m.  The parties, through counsel, are likewise to discuss, *before the November 6, 2008 pre-trial conference*, whether any or part of this litigation can be resolved amicably.

New Orleans, Louisiana, this 4th day of November 2008.

**KURT D. ENGELHARDT**
**United States District Judge**

Clerk to Copy:
Magistrate Judge Joseph C.  Wilkinson, Jr.